REVISED ORDER

Chief Justice KEEN.
The parties, through their respective pleadings, agree that Plaintiff was employed as Cherokee Nation Clinic Administrator from February 25, 1996, until his termination on October 28, 1996, a period of less than one (1) year.
Plaintiff alleges that he was acting as a “whistle blower” regarding the Defendant’s acts which he alleges could bring serious harm to the Cherokee people if not halted. Plaintiff further alleges that after he had “blown the whistle,” the Defendant fired him and engaged in egregious acts to ruin him, and that this case is within our jurisdiction. He argues that we should waive the one (1) year rule in “whistle blower” cases.
Article XII, Employee Rights, of our Constitution, requires that unless an employee can demonstrate that he or she was employed for at least one (1) year by the Nation, this Court lacks subject-matter jurisdiction to hear the case of an employee who was terminated regardless of the circumstances under which the termination occurred. We hereby find that the one (1) year of employment, required by our Constitution, is controlling, under the alleged facts of this case. To the extent that this opinion differs from the opinion issued by Justice Keen in No. JAT 96-16, if any, this opinion is controlling.
It should be stressed that by dismissing this case we are not ruling on the merits, or lack thereof, of the Plaintiffs allegations. However, having found we lack subject-matter jurisdiction, we are prohibited by law from moving into the fact-finding stage of the case.
Plaintiff ui’ges us to find that, as applied to the facts he alleges, ARTICLE II, Bill of Rights, of our Constitution is in conflict with the “one (1) year rule” in ARTICLE XII, and, for public policy reasons, we should find that ARTICLE II overrides ARTICLE XII. We disagree and decline. Whenever possible, provisions of law which might appear to be in conflict should be reconciled. The words in Section 1, Article II, namely, Speedy and certain remedy *17 shall be afforded under the terms of this Constitution for every wrong and injury to person, property or reputation wherein said remedy does not conflict with the laws of the United States, refer to every remedy for every legally recognizable wrong and injury. To find other meaning would ignore basic reason and create havoc in the Courts, in specific, and Cherokee society, in general.
The one (1) year rule under ARTICLE XII was not known in traditional American common law and is a creature of our Constitution. If the framers of our Constitution intended for exceptions to be granted to the “one (1) year rule” they could have so provided; but they did not.
The Plaintiff cites Oklahoma case law recognizing a new cause of action in tort pertaining to a “whistle blower” exception to the at-will termination rule, and he urges us to adopt it. We decline. The entire first sentence of Article XII reads: No employee, who having served in a position at least one (1) year, shall be removed from the employment of the Cherokee Nation except for cause (emphasis supplied). With the words “except for cause,” the framers of the Constitution recognized rights for the Cherokee employee (who meets the one [1] year requirement) which vary from the presently existing exceptions to the at-will rule as recognized by the Oklahoma Supreme Court in the cases cited by the Plaintiff. We are not going to adopt an exception to the at-will rule which could later be arguably construed to reduce or limit the rights of the Cherokee employee under the Constitution.
Defendant asserts that this present lawsuit by Plaintiff is frivolous in view of our ruling in Kelley v. Kingfisher, No. JAT 96-16. Defendant requests that we award attorney’s fees and costs against the Plaintiff. The position of the Defendant is correct that under the law we may sanction parties, and their counsel, who bring frivolous lawsuits, by assessing costs, including attorney’s fees. FRCP Rule 11. However, we find No. JAT 96-16 to be factually and legally distinguishable from this case. Except for good cause shown, we will not sanction any Cherokee citizen for “knocking on the Courthouse door,” especially where the citizen is out of work and not represented by a lawyer.
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant’s Motion to Dismiss is GRANTED as this Court lacks subject-matter jurisdiction.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant’s Motion for Attorney’s Fees, and Other Costs, is DENIED, each party to bear them own.
IT IS SO ORDERED.
ALL JUSTICES CONCUR.